UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARIS BEST,
      Plaintiff,

v.

MOORE, et al.,
      Defendants.

No. 3:24-cv-923 (SRU)

## RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Daris Best is an inmate at Osborn Correctional Institution in Somers, Connecticut. He has applied for leave to proceed *in forma pauperis* – in other words, he asked for permission to begin a civil lawsuit without pre-paying $405 in filing and administrative fees. For the following reasons, his motion is denied.

A plaintiff filing a complaint in federal court must generally pay a $405.00 filing fee and an administrative fee. *See* 28 U.S.C. § 1914. However, a qualifying inmate plaintiff may proceed *in forma pauperis* ("IFP"), meaning that the $55.00 administrative fee is waived and the plaintiff pays the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(a)–(b). To demonstrate eligibility for IFP status, a plaintiff must submit an affidavit showing that he is "unable to pay" the filing and administrative fees. *Id.* § 1915(a). He must additionally provide a certified copy of the preceding six months of his prison trust fund account statement. *Id.*

A plaintiff is "unable to pay" within the meaning of 28 U.S.C. § 1915 if the filing fee would force him to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The plaintiff need not be "absolutely destitute" to qualify for IFP status. *Id.*; *see also Rosa v. Doe*, 86 F.4th 1001, 1008 (2d Cir. 2023) (noting that the court should

consider whether the plaintiff supports dependents, not just whether the plaintiff has enough money to cover the fees). An affidavit is sufficient if it shows that the plaintiff "cannot because of his poverty" pay the fees "and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (quotation marks omitted).

Best's account balance has gradually trended down over the past six months from over $2,000.00 to $1,538.91. Doc. No. 3. He has not demonstrated that the withdrawals from his account went towards necessities. His average monthly expenses are $100. Doc. No. 2 at 3. Best has no dependents. *Id.* Courts routinely deny plaintiffs' IFP motions in analogous circumstances. *Breton v. Martin*, 2022 U.S. Dist. LEXIS 89111, at *4 (D. Conn. Apr. 21, 2022) (denying an IFP motion when the plaintiff had $1,400.00 in his trust account and spent most of the money on non-essential items); *Clark v. Papposha, C.O.*, 2022 U.S. Dist. LEXIS 58040, at *4 (D. Conn. Mar. 30, 2022) (after the plaintiff withdrew a significant amount of his $1,645.00 balance for personal use, the remaining $492.70 constituted "sufficient funds to pay his filing fee of $402 without foregoing life's necessities"); *Cruz v. Dorozco*, 2021 U.S. Dist. LEXIS 98233, at *6 (D. Conn. May 25, 2021) (denying the plaintiff's IFP motion when he "received $1,500.00, spent nearly $300.00 in the commissary, and sent $800.00 to his mother, leaving him with a spendable balance of $361.49"). The filing fee, therefore, would not interfere with Best's ability to afford the "necessities of life." *See Adkins*, 335 U.S. at 339.

Accordingly, Best's motion for leave to proceed *in forma pauperis*, **doc. no. 2**, is **denied**. The complaint will be deemed received by the Court on May 23, 2024, so long as the filing fee is submitted within the time allotted by this Order. All further proceedings in this matter shall be held in abeyance for **twenty-one (21) days** pending plaintiff's delivery of the filing fee in the

amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, Connecticut, 06604.  If Best fails to submit the filing fee within twenty-one days of this Order, **his case will be dismissed without prejudice** to refiling once he pays the fee.

    So ordered.

Dated at Bridgeport, Connecticut, this 1st day of August 2024.

                                                  /s/ STEFAN R. UNDERHILL
                                                Stefan R. Underhill
                                                United States District Judge